# Supreme Court of Florida

No. SC2024-1779

## IN RE: AMENDMENTS TO FLORIDA RULE OF JUVENILE PROCEDURE 8.245.

June 26, 2025

PER CURIAM.

The Florida Bar's Juvenile Court Rules Committee has filed a report proposing amendments to Florida Rule of Juvenile Procedure 8.245 (Discovery).[1]  The Florida Bar's Board of Governors recommends acceptance of the proposed amendments.  The proposed amendments were published by both the Committee and the Court.  No comments were received in response to either publication.  Having considered the Committee's report, we amend rule 8.245 as follows.

First, subdivision (e)(2), which outlines the procedure for parties to serve on every other party a notice of intent to serve a

---

1.  We have jurisdiction.  *See* art. V, § 2(a), Fla. Const.; *see also* Fla. R. Gen. Prac. & Jud. Admin. 2.140(b)(1).

subpoena, is amended to provide that if a party objects to production within 10 days of service of the notice, the party requesting production may set and notice a hearing to resolve the objection.

We decline, however, the Committee's proposal to amend rule 8.245(e)(2) to change the timeframe to serve notice of intent to serve a subpoena to 5 days regardless of the method of service. Two years ago, we enlarged the timeframe to serve such notice from 5 to 10 days if service is by delivery or email, and from 10 to 15 days if service is by mail. *See In re Amends. to Fla. Rules of Juv. Proc. 8.245*, 361 So. 3d 275, 275 (Fla. 2023). Although the Committee contends that these enlarged timeframes are longer than necessary, it does not explain how the longer time periods are adversely affecting juvenile proceedings nor why notice periods in juvenile proceedings need to be treated differently than notice periods in other types of proceedings. *See* Fla. R. Civ. P. 1.351(b) (providing 10- and 15-day notice periods for delivery by email and mail, respectively, before issuing subpoenas); Fla. Fam. L.R.P. 12.351(b) (same); Fla. Prob. R. 5.080 (providing that rule 1.351 applies in probate and guardianship proceedings).

We also decline the Committee's proposal to amend rule 8.245(e)(2) to replace the current 10-day window for objections to production with "timely objection" language. Retaining the current 10-day objection window will maintain consistency with the timeframes for serving a notice of intent to serve a subpoena under rule 8.245(e)(2), as well as with other types of proceedings. *See* Fla. R. Civ. P. 1.351(b) (requiring objection to production within 10 days of service by email or 15 days if by mail); Fla. Fam. L.R.P. 12.351(b) (same); Fla. Prob. R. 5.080 (providing that rule 1.351 applies in probate and guardianship proceedings).

Next, we amend subdivision (e)(3), which addresses subpoenas, to clarify that a party may proceed with issuing a subpoena if no objections were made or if a party's objections have been withdrawn or overruled by the court. We decline to add to the subdivision a 7-day deadline for the person who will be asked to produce documents or things to object, as other rules of procedure permit objections at any time before production, and the Committee fails to explain why rule 8.245 should not be consistent with those rules. *See* Fla. R. Crim. P. 3.361(c)(1); Fla. R. Civ. P. 1.351(b); Fla. Fam. L.R.P. 12.351(b); Fla. Prob. R. 5.080.

Last, we renumber current subdivision (e)(5) to (e)(6) and add new subdivision (e)(5) to include the procedure for objections to production by subpoenaed nonparties.

Accordingly, Florida Rule of Juvenile Procedure 8.245 is amended as set forth in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective October 1, 2025, at 12:01 a.m.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Juvenile Procedure

Sarah J. Rumph, Chair, Juvenile Court Rules Committee, Tallahassee, Florida, Joshua E. Doyle, Executive Director, The Florida Bar, Tallahassee, Florida, and Michael Hodges, Staff Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioner

# APPENDIX

## RULE 8.245.   DISCOVERY

**(a)-(d)**     [No Change]

**(e)   Production of Documents and Things Without Deposition.**

(1)     *Request; Scope.* A party may seek inspection and copying of any documents or things ~~within the scope of subdivision (d)(1)~~ from a person who is not a party by issuance of a subpoena directing the production of the documents or things when the requesting party does not seek to depose the custodian or other person in possession of the documents or things.

(2)     *Procedure.* A party desiring production under this rule must <u>first</u> serve notice on every other party of the intent to serve a subpoena under this rule at least 10 days before the subpoena is issued if service is by delivery or email and 15 days before the subpoena is issued if service is by mail. The proposed subpoena must:

(A)-(C)     [No Change]

~~A copy of the notice and proposed subpoena must not be furnished to the person on whom the subpoena is to be served.~~ If any party serves an objection to production under this rule within 10 days of service of the notice, ~~the documents or things must not be produced under this rule and relief may be obtained under subdivision (g).~~ <u>the party requesting production may set and properly notice a hearing to resolve the objecting party's objection. The subpoena must not be served until the court overrules the objection, or the objection is withdrawn.</u>

(3)     *Subpoena.* If no objection is made by a party ~~under subdivision (e)(2)~~<u>, or if a party's objection is withdrawn or overruled by the court</u>, an attorney of record in the action may <u>either</u> issue a subpoena<u>,</u> or the party desiring production ~~must~~<u>may</u> deliver <u>a subpoena</u> to the clerk for issuance ~~a subpoena and~~<u>along</u> with a

certificate of counsel or pro se party that ~~no timely objection has been received from any party~~<u>there are no pending objections</u>. The clerk must issue the subpoena and deliver it to the party desiring production. The subpoena must be identical to the copy attached to the notice, specify that no testimony may be taken, and require only production of the documents or things specified in it. The subpoena may give the recipient an option to deliver, electronically serve, or mail legible copies of the documents or things to the party serving the subpoena. The person on whom the subpoena is served may condition the preparation of copies on the payment in advance of the reasonable costs of preparing the copies. The subpoena must require production only in the county of the residence of the custodian or other person in possession of the documents or things or in the county where the documents or things are located or where the custodian or person in possession usually conducts business. ~~If the person on whom the subpoena is served objects~~<u>If any person served with a subpoena objects in writing</u> at any time before the production of the documents or things, ~~the documents or things must not be produced under this rule, and relief may be obtained under subdivision (g).~~<u>the documents or things may not be produced pending resolution of the objection, unless they are produced through a deposition.</u>

(4)    *Copies Furnished.* If the subpoena is complied with ~~as provided in subdivision (e)(3)~~, the party receiving the ~~copies~~<u>items responsive to the subpoena</u> must furnish a legible copy of each item ~~furnished~~ to any other party who requests it on the payment of the reasonable cost of preparing the ~~copies~~<u>response</u>.

(5)    *<u>Objection by Nonparty.</u>* <u>If an objection to a subpoena for production is filed by the nonparty, the party requesting production may either set and properly notice a hearing to resolve the objection or proceed by setting a deposition. The party seeking production must provide reasonable notice of the hearing to the parties and to the person from whom production is sought.</u>

<u>(6)</u>    *Independent Action.* This rule does not affect the right of any party to bring an independent action for production of documents and things.

**(f)-(k)**     [No Change]

### Committee Notes

[No Change]